2011 WY 22

**BOARD OF PROFESSIONAL RESPONSIBILITY, Wyoming State Bar, Petitioner**

v.

**Michele Neves ELIOT, WSB Attorney No. 5–2582, Respondent.**

**No. D–10–0002.**

Supreme Court of Wyoming.

Feb. 10, 2011.

ORDER LIFTING SUSPENSION AND ORDER REINSTATING ATTORNEY TO THE PRACTICE OF LAW

[¶ 1] **This matter** came before the Court upon the "Report and Recommendation for Lifting of Suspension," filed herein February 2, 2011, by the Board of Professional Responsibility for the Wyoming State Bar. After a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, this Court finds that the Report and Recommendation should be approved, confirmed and adopted by the Court; and that the Respondent, Michele Neves Eliot, should be reinstated to the practice of law. It is, therefore,

[¶ 2] **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Lifting of Suspension, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed and adopted by this Court; and it is further

[¶ 3] **ADJUDGED AND ORDERED** that the Respondent, Michele Neves Eliot, be, and hereby is, reinstated to the practice of law, effective immediately; and it is further

[¶ 4] **ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order Lifting Suspension and Order Reinstating Attorney to the Practice of Law, along with the incorporated Report and Recommendation for Lifting of Suspension, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 5] **ORDERED** that the Clerk of this Court shall docket this Order Lifting Suspension and Order Reinstating Attorney to the Practice of Law, along with the incorporated Report and Recommendation for Lifting of Suspension, as a matter coming regularly before this Court as a public record; and it is further

[¶ 6] **ORDERED** that the Clerk of this Court transmit a copy of this Order Lifting Suspension and Order Reinstating Attorney to the Practice of Law to the members of the

Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

[¶ 7] **DATED** this 10th day of February, 2011.

By the Court:

/s/ MARILYN S. KITE
Chief Justice

ATTACHMENT

### BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY WYOMING STATE BAR

### STATE OF WYOMING

*In the matter of*

*MICHELE NEVES ELIOT,*

*WSB # 5–2582,*

*Respondent.*

*Docket No. D–10–0002*

Feb. 2, 2011.

### REPORT AND RECOMMENDATION FOR LIFTING OF SUSPENSION

THIS MATTER came before the Board of Professional Responsibility pursuant to the stipulated motion of Bar Counsel to lift the Wyoming Supreme Court's Order Suspending Attorney From the Practice of Law, dated September 30, 2010. The Board, having reviewed the stipulated motion, Respondent's affidavit in support thereof, and the testimonial letters submitted therewith, FINDS, CONCLUDES and RECOMMENDS as follows:

### FINDINGS OF FACT

1. Respondent obtained her law degree in 1988, at the age of 45, and was admitted to the Wyoming Bar in 1989. In 2004, fifteen years after her admission to the bar, Respondent was convicted in Massachusetts for violation of a Massachusetts statute that prohibits sexual intercourse between an adult and a person under the age of eighteen. The charge stemmed from a sexual relationship in the mid–1970s between Respondent and a teenaged male. Respondent later married the young man in 1980 and divorced him in 1985. The criminal charge was brought after the man (hereinafter, "the Criminal Complainant") went to legal authorities in Wyoming and Massachusetts more than fifteen years after the divorce and more than 25 years after the conduct that gave rise to the charge. Respondent was convicted in early 2004 and was placed on two years unsupervised probation, which she completed without incident and from which she was discharged in 2006. Respondent has had no other brushes with the law since her 1989 admission to the bar.

2. When it was presented with evidence of her Massachusetts criminal conviction, the Wyoming Supreme Court suspended Respondent by Order dated September 30, 2010, pursuant to Section 18 of the Disciplinary Code. In pertinent part, the Order provided, "effective immediately, Michele Neves Eliot is suspended from the practice of law in this state, pending final disposition in a disciplinary hearing."

3. After the Court issued its suspension order, Bar Counsel asked Respondent to provide letters from judges and attorneys regarding Respondent's character. Respondent has done so, and copies of letters from judges, attorneys and others attesting to Respondent's good character were submitted with the stipulated motion to lift Respondent's suspension, along with a detailed affidavit from Respondent, all of which establish, by clear and convincing evidence, the following:

4. In late 1974 or early 1975, Respondent entered into a sexual relationship with the Criminal Complainant, who was 16 years old at the time. Respondent was 31 years old. The couple conceived a child who was born in September of 1975. Respondent and the Criminal Complainant later married in 1980, with friends and several of the Criminal Complainant's family members in attendance. They were accepted as a couple despite their age differences.

5. From 1974 until 1982, Respondent lived in the Big Horn Basin, raising her family and working a variety of jobs. Respondent attended Northwest Community

College in Powell, eventually obtaining her associate's degree while working for the local newspaper. During those years, the Criminal Complainant joined the military, married and had a child with another woman, all before Respondent's marriage to him in 1980.

6. In 1981, Respondent was diagnosed with lymphatic cancer. She underwent extensive chemotherapy and by 1982 she was in remission. The Criminal Complainant was seldom around during that time. Respondent decided to pursue her formal education, and moved with her seven year old daughter to Laramie in 1982. Respondent obtained her B.S. in social science in 1985. She went to law school at the University of Wyoming, and obtained her law degree in 1988 and was admitted to the Wyoming bar in 1989. At the time of her admission, Respondent had never been in trouble with the law, other than one speeding ticket while she was in law school.

7. Respondent divorced the Criminal Complainant in 1985 and has never remarried. Respondent essentially stopped having contact with the Criminal Complainant when she moved to Casper in 1989.

8. After she obtained her law degree and was admitted to the bar, Respondent moved to Casper where she initially worked in the city attorney's office. Respondent held that position until 1992, when she began a private practice in Casper which continued until her September 30, 2010 suspension. Respondent's practice has always catered to lower income individuals. At the time of her suspension, Respondent was also doing public defender work for the City of Casper.

9. In addition to her law practice, Respondent has been involved in community service, including extensive volunteer work with the Central Wyoming Rescue Mission, Poverty Resistance, and St. Vincent DePaul Thrift Store. She is also involved in Health Care for the Homeless and is active in her church.

10. In March of 2002, Respondent was arrested on a criminal warrant based on a complaint made by the Criminal Complainant. The Information that accompanied the warrant alleged that on or about January 1, 1975, Respondent took indecent liberties with the Criminal Complainant in violation of W.S. § 14–23 (Laws 1957), a felony. Respondent later pled guilty to a lesser charge of contributing to the endangering of a child's health, welfare or morals in violation of W.S. § 14–12(d) (Laws 1957), a misdemeanor. Respondent was placed on one year of supervised probation with her conviction deferred pursuant to W.S. § 7–13–301. Respondent completed her probation and an order for dismissal pursuant to W.S. § 7–13–301 was entered on May 17, 2004.

11. As part of her probation, Respondent was ordered to undergo a sexual offense evaluation with a licensed clinical psychologist. She did so in December of 2002. The psychologist concluded that Respondent was neither a sexual aggressor nor a sexual predator. Based upon his opinion that Respondent presented no risk for sexual misconduct, and because he believed she did not have, nor had ever had, a sexual disorder, the psychologist recommended against sex offender therapy for her.

12. In March of 2003, after Respondent had pled guilty to the Wyoming misdemeanor and was serving supervised probation in Wyoming, the Criminal Complainant contacted law enforcement authorities in Massachusetts, where Respondent resided from 1966 until she moved to Wyoming late in 1974. The Criminal Complainant claimed that in 1970, Respondent had sexual intercourse with him in violation of a Massachusetts statute which prohibited sexual intercourse with a chaste minor. Respondent denied the new charges.

13. Respondent hired a lawyer in Massachusetts, and the case went to trial in March of 2004. Respondent was found guilty of inducing a minor to have sex, a felony under Massachusetts law. Respondent was placed on two years unsupervised probation. After the trial, Respondent returned to Wyoming and resumed her law practice. Respondent satisfactorily completed all terms of her probation, and was discharged on March 3, 2006.

14. Respondent was required to register as a sex offender under W.S. § 7–19–301 et seq., which requires a person to register if

they have been convicted of a crime in another state that is similar to a Wyoming crime that would require registration in Wyoming. Respondent had to register in Wyoming even though she was not required to register in Massachusetts. The district judge who reviewed Respondent's case determined Respondent to be at low-risk of re-offense.

15. Following Respondent's September 30, 2010 suspension from the practice of law, Respondent communicated with Bar Counsel regarding the disciplinary process and the possibility of stipulating to the terms and duration of her suspension. Bar Counsel asked Respondent to provide letters from two judges as to her character, and from two attorneys (not personal friends of Respondent's) with whom she had worked. The letters submitted pursuant to that request, from a district court judge, a circuit court judge, several members in good standing of the bar, and from a member of community with knowledge of Respondent's character, all attested to her diligence, her competence and her compassionate, rigorous commitment to her clients' interests.

16. Since Respondent's 1989 admission to practice law in Wyoming, she has maintained her license in good standing, and has committed no ethical violations. Other than the criminal conviction which led to Respondent's suspension (which related to conduct on her part that occurred more than thirty years ago, and long before she attended law school and began practicing law), Respondent has not engaged in any conduct which would cast doubt upon her fitness to practice law in Wyoming. Respondent has not been charged with any felonies or other "serious crime" as defined in the Disciplinary Code for the Wyoming State Bar, nor has she engaged in any conduct which could result in the bringing of any such charges. Respondent fully complied with all terms of her suspension.

17. Respondent has expressed sincere regret the decisions she made and the actions which resulted in the conduct for which she was convicted. If her suspension is lifted, Respondent promises to act in accordance with the standards set forth in the Wyoming

Rules of Professional Conduct and to act fairly, honestly, reasonably and with unquestionable integrity in all matters in which she acts as an attorney at law.

## CONCLUSIONS OF LAW

18. Section 18 of the Disciplinary Code, entitled "Suspension Upon Conviction of Crimes," provides in pertinent part:

(a) Upon the filing with the Court by Bar Counsel of a certified copy of a judgment of conviction of a serious crime, the Court shall enter an order immediately suspending the attorney, pending final disposition in a disciplinary proceeding.

(b) After suspension of the attorney, a disciplinary proceeding shall be conducted pursuant to these rules. The sole issue to be determined shall be the nature and extent of the discipline to be imposed.

(c) The disciplinary proceeding shall not be brought to hearing until all appeals from the conviction are concluded, unless the attorney files a petition with the BPR to lift a hearing on such a petition, the attorney shall have the burden of proving by clear and convincing evidence that the attorney's resumption of the practice of law, under conditions set by the BPR, shall not be detrimental to the administration of justice or to the public interest.

. . .

(ii) If the BPR determines that the suspension should be lifted, with or without conditions, it shall issue a report with its findings of fact, conclusions of law, and recommendations and file such report with the clerk of the Court. * * * The Court shall act on the recommendation, as it deems appropriate.

Section 24 addresses reinstatement after suspension, and provides in pertinent part:

(f) Following receipt of a petition for reinstatement, Bar Counsel and the attorney may stipulate to reinstatement by submitting to the BPR a written stipulation and affidavit of the attorney

which provides a detailed description of the factual basis for compliance with the elements detailed below in subsection (g). Any such stipulation shall be approved or disapproved by the BPR. If the stipulation is approved, a report and recommendation shall be transmitted to the Court. If accepted by the Court, the Court shall issue its order stating that the attorney is reinstated to the practice of law, which may include any conditions the Court deems appropriate.

(g) If Bar Counsel does not stipulate to reinstatement or if the BPR or Court does not approve a stipulation for reinstatement, a hearing shall be held by the BPR. At the hearing, the suspended or disbarred attorney shall have the burden of proving by clear and convincing evidence the following:

   (i) The respondent has been rehabilitated;

   (ii) The respondent has substantially complied with all requirements imposed by the Court;

   (iii) The respondent has the character and fitness qualifications to practice law in this state as outlined in Section IV of the Wyoming Rules and Procedures Governing Admission to the Practice of Law;

   (iv) The respondent is competent to practice law in this state;

   (v) The respondent's resumption of the practice of law shall not be detrimental to the administration of justice and the public interest.

19. This matter presents the anomalous circumstance in which an attorney committed criminal acts before she was admitted to the bar but charges were not brought (and no conviction obtained) until after her admission. Section 18 appears to apply most readily to situations where an attorney both commits the criminal act and is convicted after becoming a member of the bar. In that event, it would make sense to hold a disciplinary hearing in order to determine appro-

priate sanctions, as the commission of a "serious crime" by a member of the bar is one of the forms of professional misconduct that is punishable under the Disciplinary Code. *See* Rule 8.4, Rules of Professional Conduct.

20. To further complicate the analysis, the situation presented by the present matter is one in which Respondent committed the criminal act *long before* (more than ten years before) becoming a lawyer, but was not prosecuted for it until *long after* (more than ten years after) being admitted to the bar. Thus, the Rules of Professional Conduct, which would typically address criminal and other misconduct committed by attorneys while they are members of the bar, would not appear to apply to the special facts of this case. In this case, there is nothing Respondent has done since being admitted to the bar that would warrant disciplinary action.

21. If Respondent's criminal conduct had been known at the time she applied for admission to the bar, she still would have been granted admission. Rule 401 of Wyoming's Rules and Procedures Governing Admission to the Practice of Law requires the applicant to prove that she is "possessed of good moral character and is fit to practice law." The primary purposes of character and fitness screening before admission to the bar are to "assure the protection of the public and safeguard the justice system." Among the causes for non-recommendation or for further inquiry by the Board of Law Examiners is "unlawful conduct" by the prospective admitee. Rule 407, entitled "Rehabilitation," provides:

Any applicant who asserts rehabilitation, from prior conduct which bears adversely upon such person's character and fitness for admission to the bar, shall be required to produce clear and convincing evidence of such rehabilitation, including, but not limited to, the following elements:

(a) Strict compliance with the specific conditions of any disciplinary, judicial, administrative or other order, where applicable;

(b) Unimpeachable character and moral standing in the community;

(c) Good reputation for professional ability, where applicable;

(d) Lack of malice and ill feeling toward those who by duty were compelled to bring about the disciplinary, judicial, administrative or other proceeding;

(e) Personal assurances, supported by corroborating evidence, of a desire and intention to conduct one's self in an exemplary fashion in the future;

(f) Restitution of funds or property, where applicable;

(g) Positive action showing rehabilitation by such things as a person's occupation, religion, community or civic service. Merely showing that an individual is now living as and doing things he or she should have done throughout life, although necessary to prove rehabilitation, does not prove that the individual has undertaken a useful and constructive place in society. The requirement of positive action is appropriate for applicants for admission to the Bar because service to one's community is an implied obligation of members of the Bar.

22. The information set forth in Respondent's affidavit and in the testimonial letters submitted with stipulated motion establish in a clear and convincing manner that Respondent is fit to practice law in this state. To the extent Respondent ever needed rehabilitation; she was fully rehabilitated before she was admitted to the bar in 1989.

23. To the extent there was ever any doubt about Respondent's fitness to practice law, such concerns are more than answered by the psychological evaluation that was undertaken in conjunction with the criminal proceedings of several years ago. A court-appointed expert concluded that Respondent is not at risk for sexual misconduct, and that she has never had a sexual disorder.

24. Moreover, the letters from judicial officers, lawyers and others familiar with Respondent's character and competence submitted with the stipulated motion, all demonstrate Respondent's fitness to practice.

## CONCLUSION

For the reasons stated herein, the Board recommends that Respondent's suspension be lifted, and that she be fully reinstated to practice law.

RESPECTFULLY SUBMITTED this *1st* day of February 2011.

/s/ Francis E. Stevens
Francis E. Stevens
Chairman
Board of Professional Responsibility Wyoming State Bar

### *CERTIFICATE OF SERVICE*

I do hereby certify that a true and correct copy of this **Report and Recommendation For Lifting Of Suspension** was mailed by United States Mail, postage prepaid, on *1* February 2011 to the following:

M.J. Eliot, Respondent

Attorney at Law

1726 South Jackson Street

Casper, WY 82601

and a copy was hand delivered to:

Mark W. Gifford, Bar Counsel

Wyoming State Bar

P.O. Box 109

Cheyenne, WY 82003

/s/ Patricia F. Becklinger
Patricia F. Becklinger, Clerk
Board of Professional Responsibility